# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## TACOMA DIVISION

| | |
|---|---|
| Garry Dunbar, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>Bonneville Billing & Collections, Inc.<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff Gary Dunbar ("Plaintiff") brings this putative class action against Defendant Bonneville Billing & Collections ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq,* on behalf of himself and all others similarly situated.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

Complaint - 1

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

5. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

6. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

7. "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primacy enforcement tool of the Act.'" *Id.* (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

8. "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

9. To promote its purpose of protecting consumers, the FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. §§ 1692e, 1692e(10).

10. "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (citing *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir.2006) (internal quotation omitted)).

11. Additionally, a key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written "validation" notice providing specific information regarding the debt, including "name of the creditor to whom the debt is owed." *See* 15 U.S.C. § 1692g(a)(2).

12. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See* Brief of the Consumer Financial Protection Bureau, p. 4-5; *see also Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

13. "To satisfy section 1692g's requirements, the notice Congress required must be conveyed effectively to the debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997) (quoting *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir. 1988)) (internal citations omitted); *See also Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) ("When § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form.").

14. Violations of § 1692e and § 1692g are assessed under the least sophisticated consumer standard, which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000).

15. "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-8 (9th Cir. 2014) (emphasis in original).

16. Therefore, a debt collector is liable for engaging in conduct that could mislead the least sophisticated consumer even if the debt collector did not intend to mislead, and even if the plaintiff is not actually misled.

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

# PARTIES

17. Plaintiff is a natural person who at all relevant times resided in the State of Washington, County of Clark, and City of Vancouver.

18. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

20. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, two accounts for personal medical services from NW Surgical Specialists PC (the "Debt").

21. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

22. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

23. Defendant is an entity who acquires debt in default merely for collection purposes.

24. Defendant purchases debts once owed or once due, or asserted to be once owed or once due, a creditor.

Complaint - 5

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

25. The principal purpose of Defendant's business is the collection of debts, whether through direct or indirect collection.

26. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

27. Defendant acquired Plaintiff's Debt when it was allegedly in default.

28. Defendant acquired the debt referenced by Bonneville Account Number 8151007 when it was allegedly in default.

29. Thereafter, in connection with the collection of a debt referenced by Bonneville Account Number 8151007, Defendant sent Plaintiff a letter dated December 16, 2015.

30. A true and correct copy of Defendant's December 16, 2015 letter is attached to this Complaint as Exhibit A.

31. Upon information and belief, Defendant was the current creditor of Account Number 8151007 at the time it mailed the December 16, 2015 letter.

32. However, Defendant's December 16, 2015 letter fails to state the name of the current creditor. Exhibit A.

33. Instead, Defendant's December 16, 2015 letter implies that Defendant is not the current creditor but is merely collecting on the creditor's behalf. *See* Exhibit A.

34. Specifically, Defendant's December 16, 2015 letter states the following under "ACCOUNT IDENTIFICATION":

Complaint - 6

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

```
ACCOUNT IDENTIFICATION
Original Creditor:              REBOUND
Creditor Reference:             133301
Bonneville Account Number:      8151007
Principal:                      $50.00
Interest:                       $0.03
Current Balance:                $50.03
```

Exhibit A.

35. The least sophisticated consumer may reasonably interpret that statement in two different ways, one of which is inaccurate.

36. For example, the least sophisticated consumer could reasonably interpret this language to mean that Defendant is not the current creditor, as listing a "Bonneville Account Number" distinct from the "Creditor Reference" number implies that Defendant and the Creditor are different entities.

37. Further confusing the least sophisticated consumer as to the identity of the current creditor, Defendant's December 16, 2015 letter states: "This account has been *assigned* to our office for collection."  Exhibit A (emphasis added).

38. The least sophisticated consumer could reasonably interpret this language to mean that Defendant's only relationship to the account is as the collector, not as the creditor.

39. Defendant also acquired the debt referenced by Bonneville Account Number 8242804 when it was allegedly in default.

40. Thereafter, in connection with the collection of a debt referenced by Bonneville Account Number 8242804, Defendant sent Plaintiff a letter dated April 26, 2016.

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

41. A true and correct copy of Defendant's April 26, 2016 letter is attached to this Complaint as Exhibit B.

42. Upon information and belief, Defendant was the current creditor of Bonneville Account Number 8242804 at the time it mailed the April 26, 2016 letter.

43. Defendant's April 26, 2016 letter is materially identical to its December 16, 2015 letter, except for the Bonneville Account Number and balance information. *Compare* Exhibit B *with* Exhibit A.

44. Defendant's April 26, 2016 letter also fails to state the name of the current creditor, and would similarly mislead the least sophisticated consumer into believing that Defendant is merely the collector and not the current creditor.  Exhibit B.

## CLASS ACTION ALLEGATIONS

45. Plaintiff repeats and re-alleges each factual allegation above.

46. Upon information and belief, Defendant's December 16, 2015 and April 26, 2016 letters are based on a form or template (the "Template") that Defendant uses to send collection notices.

47. The Template fails to meaningfully convey the name of the creditor of the debt it seeks to collect, and otherwise misleads the consumer into believing Defendant is not the creditor.

48. Upon information and belief, Defendant has sent the Template to more than 40 individuals in the State of Washington in the year prior to the filing of this complaint.

Complaint - 8

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

49. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All persons located in the State of Washington to whom Defendant sent, within one year prior to the filing of this complaint and in connection with the collection of a consumer debt for which Defendant is the creditor, a letter based on the Template.

50. The proposed class specifically excludes the United States of America, the State of Washington, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

51. The class is averred to be so numerous that joinder of members is impracticable.

52. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

53. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

54. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

55. The claims of Plaintiff are typical of the claims of the class he seeks to represent.

56. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

57. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

58. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflict with the interests of other class members.

59. Plaintiff is willing and prepared to serve this Court and the proposed class.

60. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

61. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

62. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

63. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

64. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

65. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

66. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little

Complaint - 11

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(10)

67. Plaintiff repeats and re-alleges each factual allegation contained above.

68. Defendant violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

69. Specifically, Defendant violated 15 U.S.C. § 1692e(10) by making statements in its December 16, 2015 letter that could reasonably be interpreted to mean that Defendant is not the current creditor, when in fact Defendant is the current creditor.

70. Defendant also violated 15 U.S.C. § 1692e(10) by making statements in its April 26, 2016 letter that could reasonably be interpreted to mean that Defendant is not the current creditor, when in fact Defendant is the current creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(10) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)

71. Plaintiff repeats and re-alleges each factual allegation contained above.

72. Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the identity of the current creditor in its initial communication with Plaintiff with respect to Bonneville Account Number 8151007.

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

73. Defendant also violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the identity of the current creditor in its initial communication with Plaintiff with respect to Bonneville Account Number 8242804.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes

   b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2) with respect to Plaintiff and the class he seeks to represent;

   c) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

   e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

   f) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

g) Awarding Plaintiff and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

74. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 3, 2016

Respectfully submitted,

s/Joseph Panvini
Joseph Panvini WSBA# 47548
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8875
866-317-2674 facsimile
jpanvini@consumerlawinfo.com
Attorney for Plaintiff

Complaint - 15

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com